UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COURTNEY COBBS,

        Petitioner,

v.                                    Case No. 13-C-1426

MICHAEL BAENEN,

        Respondent.

## SCREENING ORDER

On September 26, 2013, Courtney Cobbs, a state prisoner, filed this pro se petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Cobbs was convicted in Racine County Circuit Court of armed robbery, attempted first-degree intentional homicide, felon in possession of a firearm, and first-degree recklessly endangering safety. He was sentenced to 64 years imprisonment, and he is currently incarcerated at Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Cobbs was found guilty of robbing a bank with two accomplices. According to the decision of the Wisconsin Court of Appeals denying his motion for post-conviction relief, a copy of which is attached to the petition, the criminal complaint alleged that two masked robbers entered and fired shots inside a bank, and while fleeing with the bank's money, fired shots at a witness in a car. (Ct. App. Dec. 2013 at 2, ECF No. 1-1.) The night of the robbery, police stopped a rental car driven by Cobbs and found the following items connected to the robbery: packaging for a face mask, brown work gloves, a plastic bag consistent with the bag into which the stolen money was placed, a Colt AR-15 semiautomatic weapon, bullet fragments, and various items of clothing, including blue jeans, black jeans, and sweatpants. (Ct. App. Dec. 2008 ¶ 3, ECF No. 1-1.) A jury found Cobbs guilty of the offenses listed above in March 2006. His conviction was affirmed by a decision of the Court of Appeals issued on January 23, 2008. The Court of Appeals issued a second decision affirming the trial court's denial of his motion for post-conviction relief on June 5, 2013. The Wisconsin Supreme Court denied Cobbs' petitions for review of both decisions.

Cobbs asserts five grounds for relief in his petition for federal relief: (1) the prosecutor presented false and perjured testimony concerning the number of bullets that were fired at the witness outside of the bank; (2) the failure to conduct DNA testing on clothing allegedly worn during the robbery; (3) newly discovered evidence in the form of a police report that states only four bullets, instead of the seven to eight the witness testified were fired in his direction, were recovered by police; (4) ineffective assistance of trial in failing to request DNA testing of clothing and challenging the witness over the number of bullets fired at him; and (5) ineffective assistance of appellate counsel in failing to raise on direct appeal the ineffectiveness of trial counsel. In essence,

these are the same claims Cobbs raised in his motion for post-conviction relief in state court, which was summarily denied by the trial court and summarily affirmed by the court of appeals.

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The granting of such relief by federal courts is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In evaluating an application for habeas corpus pursuant to the judgment of a state court, facts determined by the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant is burdened with rebutting the presumption of correctness by clear and convincing evidence. *Id.*

When determining whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law, lower federal courts must look exclusively to Supreme Court precedent in reviewing habeas petitioners' claims. *Sweeney v. Parke*, 113 F.3d 716, 718 (7th Cir. 1997). Petitioners "must show that the Supreme Court has 'clearly established' the

3

propositions essential to their position." *Mueller v. Sullivan*, 141 F.3d 1232, 1234 (7th Cir. 1998). A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The state court decision involves an unreasonable application of such law if "the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

Applying these standards here, it is clear that Cobb is not entitled to federal relief under § 2254. The court of appeals rejected Cobb's claim that the prosecutor presented false or perjurious testimony, since the claim was based entirely on the police report indicating that an investigator located only three bullets lodged in the building behind the witness' car and one hit a tree. (ECF No. 1 at 7.) The court noted that the fact that only four bullets were located does not mean more were not fired. The court also stated that it made no difference whether the number of bullets was three or four, or seven or eight. The essential fact for the charge of attempted homicide was that multiple bullets were fired in the direction of the witness. For these reasons the court rejected Cobbs' claims relating to the police report, including his claims of prosecutorial misconduct, newly discovered evidence and ineffective assistance of counsel.

The court of appeals also rejected Cobbs' claim that DNA testing should have been conducted on the clothing found in the SUV he was driving at the time of his arrest. Cobb alleged

4

that had DNA testing been conducted, it would have proven that he was wearing the sweat pants found in the SUV and not the jeans. This would have exonerated him, Cobbs suggests, because several witnesses said the robbers were wearing jeans. The court of appeals noted, however, that Cobbs allegations of what DNA testing might prove are not sufficient to state a claim for post-conviction relief under Wisconsin law. "He does not allege that the jeans were actually tested and yielded exculpatory evidence." (ECF No. 1-1 at 5.) Even if he could prove he was not wearing the jeans, the court noted the result would be the same since several witnesses also testified that one of the robbers inside the bank was wearing sweat pants, not jeans. The court therefore concluded that the failure to request DNA testing of the clothing was not ineffective assistance of counsel.

The decision of the court of appeals is not contrary to, nor an unreasonable application of federal law. The court concludes that it is clear from an examination of the petition and the attachments thereto that Cobbs is not entitled to federal relief on any of his claims. His petition will therefore be denied and the action dismissed.

Under Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, the district court must issue or deny a certificate of appealability when it enters a final order dismissing a petition. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4

(1983)).  If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement.  28 U.S.C. § 2253(c)(3).

Here, the court concludes that a certificate should not issue.  Cobbs's claims rest primarily on speculative and conclusory assertions, and none warrant further review.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.  A certificate of appealability will not issue.  The Clerk is directed to enter judgment.

**SO ORDERED** this ___31st___ day of December, 2013.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court